MATTIE B. ORMSBY, GDN. *v.* Z. M. SHERLEY'S EXR.

[Abstract Kentucky Law Reporter, Vol. 6—670.]

**Evidence of Stock Held in Trust.**

For evidence held not sufficient to show that stock in a corporation is held in trust, see opinion.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

March 5, 1885.

OPINION BY JUDGE HINES:

In 1872, Benson Ormsby, being largely indebted, executed to his brother Hamilton Ormsby, a deed of trust to all his property. Included in it was a sixth interest in the National Stock Yard at Louisville, which was subsequently the Bourbon Stock Yard Company. The deed of trust conferred upon Hamilton Ormsby the power to sell, lease, mortgage, or in any way encumber the estate

for the purpose of paying the debts of Benson Ormsby for advancements made for that purpose, and for the support of the family. In 1874, Hamilton Ormsby sold this interest, which was then represented by one hundred and twenty shares of stock, to Z. M. Sherley, for twelve thousand dollars. In 1877, the stock held by Sherley had increased to two hundred and twenty shares, one hundred and eighteen of which were re-transferred to Hamilton Ormsby to be held in trust as under the deed from Benson Ormsby to Hamilton Ormsby. Benson Ormsby and Z. M. Sherley being dead, this action is brought by the infant children of Ormsby, against the administrator of Sherley, seeking to recover the value of the one hundred and six shares of stock retained by Sherley. It is alleged that Benson Ormsby, in consideration of twelve thousand dollars, through the trustee Hamilton Ormsby, conveyed to Sherley the stock mentioned, upon the condition that Sherley was to re-convey it or hold it for the use and benefit of the wife and children of Benson Ormsby, after Sherley should have been paid the sum of twelve thousand dollars with interest at ten per centum per annum. The inquiry is—did Sherley, by contract with Benson Ormsby, agree to hold the stock, after deducting the sum advanced, for the use of the children of Benson Ormsby? At the time of the sale of the stock or its transfer to Sherley, Benson Ormsby was indebted to the trustee Hamilton Ormsby in the sum of nineteen thousand dollars on account of money advanced in payment of debts, and for the support of the family of Benson Ormsby, for the repayment of which sum Hamilton Ormsby had the right under the deed of trust to hold or appropriate the stock. An offer of fourteen thousand dollars for the stock was made before and about the time of the sale to Sherley, but the offer was not accepted because Benson Ormsby objected upon the ground that an absolute sale for that sum would leave Hamilton Ormsby's claim to a great extent unsatisfied and make it impossible that the family of Benson Ormsby should derive any benefit from the stock. The purchase was made by Sherley at the instance of his nephew, Benson Ormsby, and as testified by Hamilton Ormsby to protect him and if possible save something for the family of Benson Ormsby. When the transfer of the stock came to be made, Sherley insisted upon an absolute and unconditional transfer which was made. When the one hundred and eigh-

teen shares of stock were transferred to Hamilton Ormsby, in trust for Benson Ormsby, it was of the value of one hundred and forty-five dollars per share. The agreement of re-transfer was signed and accepted by both Benson Ormsby and wife, and recites that it is a gift from Sherley, and that he retains the one hundred and six shares of stock in repayment of the twelve thousand dollars and interest and the further sum of ten thousand dollars which he had advanced to Benson Ormsby for the support of his family and for the payment of the debts of Benson Ormsby. The stock thus re-transferred, paid off the claim of Hamilton Ormsby, and left fifty-seven shares, which Hamilton Ormsby transferred to Benson Ormsby. This arrangement saved to Benson Ormsby's estate sixteen thousand five hundred and twenty dollars which would have been lost by the acceptance of the offer of fourteen thousand dollars for an absolute sale of the stock to a stranger, or rather the difference between the fourteen thousand dollars, and the value of the one hundred and eighteen shares of stock was thus saved. The only evidence to raise a trust in favor of appellants, in addition to what has been stated, are the statements of Sherley made subsequent to the purchase, to the effect that he had bought the stock to benefit the wife and children of Benson Ormsby, and that after he should be repaid his twelve thousand dollars and interest, he intended that they should have the stock. The agreement and contract of re-transfer of the stock in 1877, recites that the one hundred and six shares of stock retained by Sherley, with the dividends received thereon was sufficient to pay Sherley the twelve thousand dollars and interest and the ten thousand dollars advanced and paid out for Benson Ormsby. In the face of the stipulations in the deed of trust and especially of the contract of re-transfer, we are of the opinion that the statements made by Sherley subsequent to his purchase of the stock are not sufficient to raise a trust for the benefit of the children of Benson Ormsby.

Judgment *affirmed.*

*Alpheus Baker, Wm. Lindsay, S. B. Toney, for appellants.*

*Goodloe & Roberts, A. P. Humphrey, E. E. McKay, for appellee.*